PETER DOOLAN, DEPUTY SHERIFF, *vs.* THE GREYHOUND.

Third Judicial District, Bridgeport, April Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

General Statutes, § 3241, authorizes the seizure, condemnation and sale of any boat or vessel "illegally used in dredging." *Held* that in view of the language of the original statute, and of the explicit provisions of kindred legislation for the protection of oyster-grounds, § 3241 must be construed as applicable only to vessels illegally dredging upon natural or public, as distinguished from individual or private, oyster-beds.

Argued April 10th—decided May 10th, 1907.

ACTION to secure the condemnation of an oyster boat

for illegally dredging on private oyster-grounds, brought by appeal of the owner from an adverse judgment of the City Court of Bridgeport to the Court of Common Pleas in Fairfield County and tried to the jury before *Curtis, J.;* the court directed a verdict and rendered judgment for the defendant, and the plaintiff appealed. *No error.*

*Stiles Judson* and *Edward H. Rogers,* with whom were *Howard H. Knapp* and *Albert McC. Mathewson,* for the appellant (plaintiff).

*Robert E. DeForest,* with whom was *Jacob B. Klein,* for the appellee (defendant).

HALL, J. This is a proceeding under § 3241 of the General Statutes, instituted by one Peter Doolan, a deputy-sheriff of Fairfield county, hereinafter referred to as the plaintiff, for the condemnation of a certain boat named " Greyhound," seized by him at Bridgeport on the 21st of May, 1906, as having been illegally used in dredging.

On said day, after such seizure, the plaintiff presented to the City Court of Bridgeport a written notice or complaint, stating that said boat had been seized as having been illegally used in dredging ; the first paragraph of which, as afterward amended, alleged that " On the 8th day of May, 1906, at or about one o'clock in the afternoon, said boat did illegally dredge on ground located in State jurisdiction within the meridian boundary lines of the town of Bridgeport, off Seaside Park, so-called ; said ground being known as lots 801, 802 and 803, and in the possession of the May Oyster Company, a corporation organized under the laws of the State of Connecticut, and located in the town of Bridgeport, . . . which was the owner of the perpetual franchise for planting and cultivating oysters, clams and mussels on said ground, and all without the consent of the owner of said grounds."

Paragraphs 2 and 3 of the complaint, under which no questions are made, allege that on said 8th of May, while at work on natural oyster-beds of this State, said boat

neglected to display upon her mainsail the number of her license, as required by law, and that while working on such natural beds said boat unlawfully displayed a certain number which was not her license number.

One Herbert Clark was the manager of said boat, and one Emma Sprague, who appeared at the trial, and hereinafter called the defendant, was the owner thereof.

Upon the trial, evidence having been offered by the plaintiff that said lot number 801, owned by said May Oyster Company, was bounded on the north and east by the Bridgeport natural bed, upon which latter bed said boat was duly licensed to dredge, and that on said 8th of May said boat, while sailing northerly, dredged on said lot number 801 some four hundred feet, before crossing the north line of said lot; and some evidence having been introduced by the defendant in contradiction of portions of the plaintiff's evidence; the parties stipulated that, without further evidence, the court, by instructing the jury, should decide the question whether, upon the plaintiff's evidence, said boat could properly be found to have been illegally used in dredging, within the meaning of the provisions of § 3241, while so dredging upon private oystergrounds, in the absence of the owner; and the court thereupon charged the jury that "dredging upon a private ground would not be considered to be illegal dredging under the terms of the statute in question," and directed the jury to return a verdict for the defendant.

The sole question before us is whether this instruction was correct.

In support of the charge of the court it is claimed, first, that § 3241, under which the seizure was made, and which is an exercise of the police power of the State, does not purport to authorize the confiscation of boats used in dredging upon private oyster-grounds; and second, that if it does, it is an unreasonable and invalid exercise of the police power of the State, in so far as it authorizes the confiscation of private property for the protection of individual and not of public interests.

The language of § 3241 is as follows: "All sheriffs, deputy-sheriffs, oyster police, and constables shall, and any other person may, seize any boat or vessel illegally used in dredging, or in depositing and dumping material, with its tackle, apparel, and furniture, wherever found within one year thereafter; and shall forthwith give notice thereof to two justices of the peace, or if in New Haven county or in Fairfield county, to any city, town, or borough court in the county where the seizure was made, which authority shall forthwith order reasonable notice to be given to the person who is in possession of the property seized, or to the owner thereof, if known, of the time and place of trial; and shall at the time appointed determine whether such property was used contrary to law, and if found to have been so used shall order it to be sold at such time and in such manner as said authority shall direct; and the avails thereof, after deducting all costs and charges which said authority may allow, shall be paid half to the person who made the seizure and half to the town where the offense was committed. . . ." A right of appeal to the Court of Common Pleas, or Superior Court, is given to any party aggrieved by such order.

The unconstitutionality of this section is urged, and especially in so far as its provisions are intended to apply to such an act of dredging over a private bed, as that shown by the evidence, upon the grounds that it authorizes an unreasonable seizure of one's "possessions" by permitting them to be taken without a warrant, by a person who is not an officer, at a time long after the commission of the offense, and permits the appropriation by the State of the property of an innocent person, without compensation therefor, even when the offense committed has worked no injury either to the public or to any individual.

Certainly before subjecting the property of the defendant to such seizure and confiscation, it ought clearly to appear from the language of our statutes that the provisions of this section were intended to apply to the offense shown to have been committed in the present case.

Although the question before us must be determined by the law as it existed when the offense complained of was committed, and which is found in the General Statutes of 1902, some light may be thrown upon the meaning of the section of those laws under consideration by a review of some of the previous legislation upon the same subject.

In 1848 a law was passed, the first section of which prohibited any person who had not been an actual inhabitant or resident of this State during the preceding six months, from taking, raking, or gathering any oysters in any waters of this State, and imposed a forfeiture of $20 for a violation of such law; and the second section of which authorized a seizure and sale, similar to that described in said § 3241, of any vessel, etc., used in taking or raking oysters contrary to said provisions of that Act. Public Acts of 1848, p. 56, Chap. 66. In the Revision of 1849, in the same chapter with this Act of 1848, we find a law imposing no other penalty than a forfeiture of $7, and in certain cases of $25, and imprisonment in the workhouse, for entering upon and gathering oysters from any private inclosure staked out as provided by law in any of the navigable waters of the State. Revision 1849, pp. 399–401. In 1855 an Act was passed, which was extended in 1878 and is now embodied in § 3247 of the General Statutes, punishing by fine and imprisonment, but without any forfeiture of boats, etc., injuries to inclosures marked and staked out according to law. Public Acts of 1855, pp. 113, 114, Chap. 92; id. 1878, p. 275, § 6. Afterward Acts were passed expressly extending such penalty of seizure and sale of vessels to certain cases of taking, raking or injuring oysters planted in private designated grounds, and to cases of injury to designated inclosures by wilfully depositing mud upon the grounds so inclosed. Public Acts of 1865, p. 61, Chap. 56; id. 1877, p. 199, Chap. 93.

The first Act making dredging unlawful appears to have been passed in 1871. Its first section prohibited the *collecting of any shells or shell-fish by means of dredges* in parts of New Haven harbor and its adjacent waters and of the

navigable waters of East Haven, under a penalty of from
$25 to $100, or imprisonment; and its second section author-
ized a seizure and sale, similar to that described in said
§ 3241, of any vessel, etc., employed in dredging contrary
to the provisions of said first section.   Public Acts of 1871,
p. 676, Chap. 119.   While that law was in force an Act
was passed in 1874 and extended in 1878, and now em-
bodied in § 3246 of the General Statutes, punishing by fine
and imprisonment the wilful taking and carrying away of
oysters lawfully planted upon any bed within the waters
of this State, but without imposing the penalty of seizure
and sale of any boat, etc., used in the commission of such
offense.   Public Acts of 1874, p. 205, Chap. 42; Public
Acts of 1878, p. 275, § 5 and p. 311.   These Acts of 1871
and 1874 remained practically unchanged in the Revision
of 1875, excepting that in place of the words of the original
Act of 1871, "any vessel . . . used . . . in dredging, con-
trary to the provisions of the first section of this act," we
find in the Revision of 1875 the words, "any boat or vessel
illegally used in dredging"; Rev. 1875, pp. 216, 217, §§ 16,
22, 23 ; and we also find in the same Revision, p. 218, § 26,
a provision forbidding any person from taking, raking or
gathering any oysters in any of the waters of this State,
on board of any boat, unless he or his employer has been a
resident or actual inhabitant of the State during the pre-
ceding six months, but imposing no punishment or penalty
whatever for such an offense; but by an Act passed in
1876, any boat, etc., so used was made subject to seizure
and sale, in the manner now provided in § 3241.   Public
Acts of 1876, p. 104, Chap. 39.   From 1882 to 1895 the
following Acts were passed, in each of which any boat,
etc., used in violation of the provisions of the Act, was ex-
pressly made liable to seizure and sale by proceedings sim-
ilar to those described in § 3241 of the General Statutes of
1902 : in 1882 and 1883, Acts now embodied in § 3242 of
the General Statutes, forbidding the depositing of mud and
other refuse material in certain of the waters of Long Island
Sound; Public Acts of 1882, p. 208, Chap. 126, § 4; id.

1883, p. 309, Chap. 132, § 1; in 1893 an Act, embodied in §§ 3234 and 3237 of the General Statutes, requiring the procuring of a license to use any boat, etc., in taking and gathering oysters from natural oyster-beds; Public Acts of 1893, p. 316, Chap. 171, § 4; in 1893 an Act, embodied in §§ 3236 and 3237 of the General Statutes, forbidding the use of any naphtha, steam or electric engine, in operating dredges on natural oyster-beds; Public Acts of 1893, p. 316, Chap. 171, § 3; in 1893 and 1895 Acts, embodied in § 3254 of the General Statutes, forbidding the taking of oysters or shells from certain natural oyster-beds and in Housatonic River, etc.; Public Acts of 1893, p. 252, Chap. 90, § 2; id. 1895, p. 482, Chap. 81, § 6. In 1899 an Act was passed, which is now § 3253 of the General Statutes, punishing by fine and imprisonment " any person who shall, without permission of the owner of any properly designated oyster-ground, tow any oyster dredge or contrivance for taking oysters under water upon such oyster-ground," but imposing no penalty of seizure or forfeiture of the boat or vessel used in violating the provisions of such Act. Public Acts of 1899, p. 1075, Chap. 154.

It is, in effect, the contention of the plaintiff, that under the present law, as it appears in the General Statutes, the jury should have been instructed that they might find that the defendant's boat was " illegally used in dredging," within the meaning of those words as used in said § 3241, upon finding that the boat, while dredging at the time in question, was used in the violation of the provisions of § 3246, punishing the stealing of oysters from private oyster-beds; or of § 3247, punishing injuries to any oyster inclosure or the taking of shells therefrom; or of § 3253, above quoted, prohibiting the towing of a dredge over private oyster-grounds.

But the defendant is not charged with stealing oysters, nor injuring inclosures, nor taking shells therefrom. The only charge in the count relied upon is, that at the time named " said boat did illegally dredge " upon the described private oyster-grounds. It is for the act of dredging only

for which the boat can be condemned, and the only section which makes the mere act of dredging upon private grounds illegal is said § 3253, prohibiting the towing of a dredge under water over private oyster-grounds.

But assuming that upon the evidence before them the jury might have found that the boat in question was dredging in violation of the provisions of each of said §§ 3246, 3247 and 3253, we are satisfied that such dredging upon private grounds, in violation of the provisions of either or all of these three sections, was not an illegal dredging within the intention of the language of § 3241, which would subject the defendant's boat to forfeiture. In addition to the fact that these sections are to a considerable extent for the protection of private property, we find no provision in either of them, either in its present form or in the original Act which it embodies, rendering boats, used contrary to its provisions, liable to seizure and forfeiture.

Again, although the language of § 3241, "illegally used in dredging," is broad enough to include dredging upon private grounds contrary to law, we must interpret these words not only in view of our previous legislation upon this subject, but also with reference to other sections of the General Statutes which have a direct bearing upon § 3241. In that connection § 3258 is very important. Under the heading of "Seizure," that section provides that "any boat or vessel used in the commission of any offense contrary to any of the provisions of §§ 3234, 3235, 3236, 3237, 3242, or 3254, may, with its tackle, apparel, and furniture, be seized and proceeded against in the form and manner as provided in § 3241." Among the sections here enumerated we find neither of the three, in violation of the provisions of which the plaintiff claims the boat in question was used. All of the sections so enumerated embody legislative Acts which, as we have already shown, expressly provided, when originally passed, for a forfeiture of the boat, etc., used in violation of their provisions. All of them are applicable to natural oyster-beds, and none of them are made applicable to private grounds.

That it was not the purpose of § 3258 to extend the provisions of § 3241 to offenses not within the language of the latter section and not before made punishable by such a penalty, is apparent from the fact that most of the offenses described in the sections enumerated in § 3258 are embraced in that of illegally using boats, etc., "in dredging, or in depositing or dumping material," described in § 3241, and that all of said offenses were expressly made punishable by such forfeiture of boats, etc., by the original Acts embodied in said enumerated sections. As we regard § 3258 it was intended to designate all the sections for a violation of the provisions of which a boat was liable to seizure and sale, under the provisions of § 3241, which contained no express provision for such seizure. By the language of our statutes the defendant's boat was not liable to such seizure for the offense committed.

This conclusion renders it unnecessary for us to decide the constitutional question raised.

There is no error.

In this opinion the other judges concurred.